65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Eva F. BERGLUND and Evert E. Berglund, Debtors
Appeal of Evert E. BERGLUND and Mary K. Berglund.
 No. 94-3414.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Aug. 22, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 BACKGROUND
 
 1
 Mary Karin Berglund and her father Evert E. Berglund file their fifth appeal to this court concerning matters originating from Evert's bankruptcy and the subsequent loss of the family farm. The bankruptcy court entered an order confirming the Chapter 11 bankruptcy plan on December 10, 1990. Under the plan, the debtors (Evert and his now deceased wife, Eva) were allowed to retain their personal property subject to their obligation to pay administrative expenses. Three years later and after the bankruptcy case closed, the Berglunds filed a "Motion of Seizure" in the bankruptcy court, seeking to claim their personal property left behind on the estate. After a hearing, the bankruptcy court "allowed" the motion because no objections were made to the Berglunds' request.
 
 
 2
 A few months later in April 1994, the Berglunds filed a "Motion to Retrieve Personal Property", asking the court to allow them to continue to remove any personal belongings that may still be on the farm (since sold) and to search the remains of the farmhouse (which was burned) for "remaining evidence". The Berglunds sent copies of the motion to all the parties on the bankruptcy service list. The bankruptcy court construed the motion as an adversarial complaint to turn over property, made pursuant to Federal Bankruptcy Rule of Procedure 7001. The bankruptcy court conducted a hearing on May 25, 1994, at which the Berglunds aired their issues while the trustee, James Geekie, and his attorney stood by. The trustee challenged personal jurisdiction because of the Berglunds' failure to serve summons. The trustee also made an oral motion to dismiss pursuant to Bankruptcy Rule 7012.
 
 
 3
 The bankruptcy court dismissed the complaint because the Berglunds had an extensive amount of time to retrieve their personal property, and because the Berglunds did not allege damages. The bankruptcy court stated that it may not have personal jurisdiction over the trustee, but did not base its ruling on that ground. The Berglunds appealed the bankruptcy court's decision to the district court. The district court held that the bankruptcy court did not have jurisdiction over the Berglund's personal property, and that the trustee did not have any interest in the property. On these grounds, the district court determined that federal court jurisdiction did not exist, and affirmed the dismissal. The Berglunds filed a motion to reconsider, which the district court denied without opinion.
 
 
 4
 In their appeal of the district court's decision, the Berglunds attack proceedings that were part of the original bankruptcy, not part of the "Motion to Retrieve Personal Property", and therefore not a part of the underlying adversarial proceeding now on appeal. The only statement relevant to their motion is found in the last paragraph of the Berglunds' argument, in which they claim the erection of "no trespassing" signs dissuaded their helpers from entering the property to remove their personal items. (Appellant's brief at 21).
 
 ANALYSIS
 
 5
 The dismissal involved only questions of law, so our review is de novo. In re Thirtyacre, 36 F.3d 697, 700 (7th Cir.1994). Jurisdiction vests in the bankruptcy court pursuant to 28 U.S.C. Sec. 1334. The bankruptcy court does not have original jurisdiction. Rather, an adversary suit initiated in the bankruptcy court must arise under or must be related to the bankruptcy proceeding. 28 U.S.C. Sec. 157(b); Diamond Mortgage Corp. v. Sugar, 913 F.2d 1233, 1238-42 (7th Cir.1990). Construing the Berglunds' complaint in the light most favorable to them, they are asking the bankruptcy court for help in retrieving their personal property that was taken by unknown people or that still remains on the farm. This case is not part of the core bankruptcy proceeding because it does not invoke a substantive right granted under Title 11, and because it is not a proceeding that could arise only in a bankruptcy case. 11 U.S.C. Sec. 157(b)(2); Diamond Mortgage, 913 F.2d at 1239; Barnett v. Stern, 909 F.2d 973, 979-81 (7th Cir.1990). Moreover, the personal property about which the Berglunds complain was never part of the bankrupt estate, and the bankruptcy court cannot take jurisdiction over it. 11 U.S.C. Sec. 541(a); see, e.g. In re Xonics, 813 F.2d 127, 131 (7th Cir.1987). The bankruptcy court was without jurisdiction as the district court held.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record